### UNITED STATES v. THOMAS.

*(District Court, W. D. Virginia.  September 17, 1891.)*

OBSTRUCTING JUSTICE—ASSAULTING WITNESS AFTER CASE DISMISSED.
> Rev. St. U. S. § 5399, providing that every person who by threats or force endeavors to intimidate or impede any witness "in any court of the United States," or by threats or force endeavors to impede the due administration of justice therein, "shall be punished," etc., does not apply to the act of one, who, two months after a prosecution against him before a United States commissioner has been dismissed, beats a person who had appeared therein as a witness against him.

At Law.   Indictment for beating a witness and obstructing justice.

Walter Thomas had been a witness on behalf of the United States, before a United States commissioner in Floyd county.   The commissioner, upon examination, dismissed the case.   Two months afterwards, Walter Thomas was assaulted and beaten by a gang of men, at his house, in the night-time.   The men who made the assault were indicted under section 5399, Rev. St. U. S.   The defendant was tried separately.   Counsel for the defendant took the position that, as Walter Thomas was not at the time of the beating a witness in any court of the United States, or in any cause pending therein, defendant could not be prosecuted under this section of the statutes.   The evidence developing the fact that the said Walter Thomas was not at that time a witness in any case before any court of the United States, under either recognizance or subpœna, the court sustained the position of counsel for the defendant.

*W. E. Craig*, U. S. Dist. Atty.

*Z. G. Dobyns* and *B. S. Pedigo*, for defendant.

PAUL, J., *(after stating the facts as above.)*   This is an indictment under section 5399, Rev. St. U. S., which provides that—

> "Every person who corruptly, or by threats or force, endeavors to influence, intimidate, or impede any witness or officer in any court of the United States in the discharge of his duty, or corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede, the due administration of justice therein, shall be punished by a fine of not more than five hundred dollars, or by imprisonment not more than three months, or both."

In this case it is shown by the evidence that Walter Thomas, on whom the alleged violence was committed, had been a witness against the accused on a warrant issued by and tried before a United States commissioner. This trial was had before the commissioner about two months before the alleged beating took place, and the warrant was dismissed by the commissioner, and the relation of Thomas as a witness was ended with the dismissal of the warrant. At the time of the alleged assault he was not under recognizance or subpœna as a witness, nor is it shown from the evidence that it was contemplated by the government to use him in the further prosecution of the case, which had been dismissed by the commissioner, or in any other case, either in an actual or contemplated prosecution. His relation to the court as a witness was entirely severed, and he stood upon the same footing as every other citizen of the state, and entitled to the same protection under her laws. The court cannot concur in the view of the United States attorney that the protection given a witness, under this section, follows him after he has been discharged as a witness, and the court has no further power or control over him as such. The court is of opinion that the protection of the law, under this section, is coincident and continuous with the power of the court over the witness, to compel him to attend and give evidence in some pending case; and, when this relation between the court and the witness ceases, the protection of the law, under this section, is terminated. The language of the statute is, "intimidate or impede any witness or officer in any court;" not after this relation is ended. Nor does the court think that the offense charged here falls within the clause applying to the "obstructing or impeding the due administration of justice," as contended by the United States attorney. This clause is intended to apply to acts done to prevent the proper administration of justice in a pending cause, not in a cause already ended, or one not yet begun. While the remote effect of acts of violence of this kind may be to deter timid persons from putting on foot prosecutions against violators of the law, this cannot be said to be obstructing or impeding the due administration of justice, in the sense contemplated by this section of the Revised Statutes. For injuries of the kind complained of here, and sought to be prosecuted under this section, another section (5406) of the Revised Statutes makes provision, and witnesses who have testified before the courts of the United States are not left to the mercy of combinations of lawless men to do them injuries for having testified against them.

The jury will find a verdict of not guilty.