## Ex parte CONWAY.

(Circuit Court, D. South Carolina. October 27, 1891.)

HABEAS CORPUS—JURISDICTION OF CIRCUIT COURTS—IMPRISONMENT FOR ACT DONE BY
FEDERAL AUTHORITY—POST-ROADS—ERECTING TELEGRAPH LINES.

Under Act Cong. March 1, 1884, (23 U. S. St. at Large, 3,) declaring all public highways and roads to be post-roads of the United States, a person engaged in erecting a telegraph line along a public road for a company which has accepted the provisions of Act Cong. July 24, 1866, entitled "An act to aid in the construction of telegraph lines, and to secure to the government the use of the same for postal, military, and other purposes," and which authorizes the construction of telegraph lines over and along any military and post roads of the United States, is acting under authority of an act of congress, and, if arrested by the state authorities for obstructing the highway merely because of the prosecution of such work, he will be released on habeas corpus.

On *Habeas Corpus* to release R. H. Conway from imprisonment under a warrant issued by a justice of the peace for obstructing a highway.

*Mordecai & Gadsden,* for petitioner.

SIMONTON, J. The petitioner is the foreman of the gang engaged in constructing and erecting the lines of the Postal Cable & Telegraph Company. This company, incorporated under the laws of New York, has its line running through all the Atlantic states, and the line upon which the petitioner was engaged connects Charleston with Savannah. The Postal Company has accepted the provisions of the act of congress approved July 24, 1866. This act, entitled "to aid in the construction of telegraph lines, and to secure the government the use of the same for postal, military, and other purposes," authorized the construction of telegraph lines over and along any of the military and post roads of the United States. By act of 1st March, 1884, (23 U. S. St. at Large, 3,) all public highways and roads are declared post-roads of the United States while they are kept up. The petitioner alleges that while he was engaged as such foreman in constructing this line through Colleton county, in South Carolina, over and along the old state road between Charleston and Savannah,—a public road, kept up and worked,—he was arrested, and is now in custody under a warrant issued by H. W. ACKERMAN, a trial justice of said county, upon the charge of obstructing a public road. He alleges that he is acting under and by virtue of the provisions of the act of congress, and claims the protection of this court. The case is cognizable in this court, (*Railroad Co.* v. *Mississippi,* 102 U. S. 135,) and the court can on this writ inquire into the cause of his commitment, and discharge him if he be held in custody in violation of the laws of the United States, (*Ex parte Royall,* 117 U. S. 250, 6 Sup. Ct. Rep. 742.) "If he be held in custody in violation of the constitution or a law of the United States, or for an act done or omitted in pursuance of a law of the United States, he must be discharged." *In re Neagle,* 135 U. S. 41, 10 Sup. Ct. Rep. 658. Section 761 of the Revised Statutes of the United States prescribed the duties of the court upon an application of this character to "proceed in a summary way to determine the facts

of the case by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." "The single question is to be fully tried, not on affidavits, but upon testimony, not *ex parte*, but after a full hearing on both sides." Mr. Choate's·argument in *Re Neagle*. The trial justice who has the petitioner in custody produces as his return the warrant and the prisoner. He does not appear, and no one appears for him. · Counsel for the petitioner has, under instructions of the court, notified the solicitor of the circuit in which Colleton county is included of this hearing, and the solicitor does not appear. To this extent the court is without assistance. I recognize to the fullest extent the delicacy of the question, and would not willingly enter into a discussion which would seem to interfere with the process of the state court. It is a principle of right and of law, and therefore of necessity, that such interference should be avoided between the courts of the United States and the state courts. *Covell* v. *Heyman*, 111 U. S. 176, 4 Sup. Ct. Rep. 355. But ·the duty is cast on this court of examining into the facts of cases like this,—of hearing and deciding them. This has been done. The testimony of disinterested witnesses has been taken, and compared with the affidavit of the state's witnesses, and the conclusion has been reached that the cause and ground of the prosecution arise from the construction and erection of this telegraph line and from objections to it. Let the prisoner be discharged.