### BENS v. UNITED STATES. *

(Circuit Court of Appeals, Second Circuit. March 30, 1920.)

No. 205.

1. **Habeas corpus ⊚�longdash27, 31—Writ may be used where court is without power to pronounce sentence.**

   While a writ of habeas corpus cannot be used as a writ of error, it may be employed to obtain a discharge from imprisonment, where the court is either without jurisdiction, or without power to pronounce sentence, as where petitioner has been once tried for the same offense with which he is charged.

2. **Criminal law ⊚⟶200 (6)—Acquittal of conspiracy to commit a crime not a bar to prosecution for such crime.**

   Conspiracy with another to aid a third person in evading the Selective Service Act and the aiding of such person in evading the act are distinct offenses, requiring different proof, and an acquittal on the first charge is not a bar to prosecution for the second.

3. **Habeas corpus ⊚⟶1—Office of writ stated.**

   The writ of habeas corpus is a legal process used to obtain summary relief from unlawful restraint of personal liberty.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Habeas Corpus.]

4. **Criminal law ⊚⟶195 (1)—Statement of when person is "twice put in jeopardy," within Constitution.**

   A person is "twice put in jeopardy," within Const. U. S. Amend. 5, declaring that no person shall be twice put in jeopardy of life or limb for the same offense, if he is put upon trial a second time for an offense of which he has been once acquitted or convicted.

Appeal from the District Court of the United States for the Eastern District of New York.

---

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 254 U. S. —, 41 Sup. Ct. 8, 65 L. Ed. —.

Habeas corpus by Seton C. Bens against the United States. Judgment dismissing the writ, and petitioner appeals. Affirmed.

Charles Driggs Lewis, of Rockville Centre, N. Y., and Edmund F. Driggs, of Brooklyn, N. Y., for appellant.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y. (Charles J. Buchner, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before WARD, ROGERS, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The petitioner is in this court on an appeal from an order entered in the District Court on June 25, 1919, which dismissed a writ of habeas corpus previously issued, and remanded the petitioner to the custody of the United States marshal.

It appears that on February 18, 1919, the petitioner was indicted in the Eastern district of New York, being charged with the crime of conspiracy. The charge is that Bens conspired with one James Hanse to violate section 6 of the Selective Service Act, approved May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2044f), and acts amendatory thereof. At the time of the conspiracy the petitioner, Bens, was a member of the Legal Advisory Board No. 3, county of Nassau, state of New York, and Hanse was chairman of Local Exemption Board No. 3 of the same county. It was charged that Bens and Hanse conspired to aid one Joseph Gitter to evade the above-mentioned act, by advising and procuring him to register falsely and unlawfully under the provisions of the act, and by aiding, assisting, and directing Gitter to answer and file a false and perjurious questionnaire, and by granting and procuring the granting to Gitter of a deferred classification, to which he was not entitled by law.

The petitioner was tried on the indictment, and a verdict of not guilty was rendered on May 23, 1919. On the day of his acquittal one John S. Gillies made an affidavit in which he charged that Bens had aided Gitter to evade the requirements of the Selective Service Law and the amendatory acts, by advising and procuring Gitter to register falsely and unlawfully under the provisions of the said act, and by knowingly, willfully, and unlawfully writing in false answers to the questions contained in the questionnaire. Thereupon a United States commissioner issued a warrant for Bens' arrest, and he was apprehended and arraigned and entered a plea of not guilty. He was admitted to bail, but was surrendered by his bondsman on May 31, 1919, into the custody of the United States marshal.

Bens thereupon applied for a writ of habeas corpus upon the ground that he was being restrained of his liberty without due process of law and was being twice placed in legal jeopardy for the same offense. In obedience to the writ the United States marshal made a return to the effect that the charge upon which he was holding the petitioner in custody was not the same charge as that under which he had been put in former jeopardy. He alleged that the crime charged in the indictment, and of which Bens was acquitted, was the crime of conspiracy, a violation of section 37 of the Criminal Code (Comp. St. §

10201), and that the crime charged in the affidavit upon which the warrant issued was the crime of aiding and assisting another to evade the requirements of the Selective Service Law.

The District Judge heard the matter on June 7, 1919, and adjourned it to June 18, and on that day adjourned it once more, and to June 23, when he dismissed the writ and remanded the petitioner to the custody of the marshal. There are two assignments of error:

"(1) The learned court erred in dismissing the petition of said petitioner for a writ of habeas corpus and remanding him to custody.

"(2) The learned court erred, in that it failed and refused to sustain said petition and to grant petitioner's discharge from imprisonment upon the ground that he was unlawfully restrained of his liberty upon a criminal complaint charging him with the same crime, upon which charge he had been formerly duly acquitted after a trial by jury."

From what has been said it is apparent that the first assignment of error is itself an error. The District Judge did not dismiss the petition for a writ. The petition was sustained to the extent of issuing the writ, and afterwards granting a hearing. Then upon the hearing which followed the granting of the writ the court entered its order which was:

"That the said writ of habeas corpus issued out of this court on the 31st day of May, 1919, be and the same is hereby dismissed, and the petitioner is remanded to the custody of the respondent, James N. Power."

This brings us to the second assignment of error. The error assigned is that the court erred, in that it failed to sustain the petition. But, if the court erred, the error did not consist in that it failed to sustain the petition. If there were error it was in the failure to sustain the writ. In Ex parte Bollman, 4 Cranch, 75, 94 (2 L. Ed. 554), Chief Justice Marshall said:

"The power to award the writ [of habeas corpus] by any of the courts of the United States must be given by written law."

The statutes of the United States provide as follows:

"The writ of habeas corpus shall in no case extend to a prisoner in jail, unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof; or is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof; or is in custody in violation of the Constitution or of a law or treaty of the United States; or, being a subject or citizen of a foreign state, and domiciled therein, is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, or order, or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations; or unless it is necessary to bring the prisoner into court to testify." U. S. Compiled Statutes (1916) Ann. vol. 2, § 1281; Barnes' Federal Code (1919) § 1080.

[3] Under the provision above cited it is not claimed that the District Judge was in error in his original issuance of the writ. The error alleged is, as already said, the dismissal of the writ and the remanding of the petitioner to custody. The writ of habeas corpus is a legal process, used to obtain summary relief from unlawful restraint of

personal liberty. Its purpose is simply to free the person from the unlawful restraint. It inquires into the jurisdiction, but it is seldom that mere errors of law not going to the question of jurisdiction can be reviewed on habeas corpus. Spelling on Extraordinary Remedies, vol. 2 (2d Ed.) § 1152.

The courts agree that the writ is not intended to bring in review mere errors or irregularities, whether they relate to substantive law or to the law of procedure, if they are committed by a court which has jurisdiction over the person and subject-matter. In such cases the remedy lies in an appeal or through a writ of error. The writ cannot be used as a substitute for a writ of error. It is well established that mere errors in point of law, no matter how serious, committed by a criminal court in the exercise of its jurisdiction over a case properly subject to its cognizance, are not to be reviewed by habeas corpus. See the cases cited in the margin.[1]

In the recent case of Jones v. Perkins, 245 U. S. 390, 38 Sup. Ct. 166, 62 L. Ed. 358, the Chief Justice said it was well settled that, in the absence of exceptional circumstances in criminal cases, the regular judicial procedure should be followed, and that habeas corpus should not be granted in advance of a trial. The appellant alleged that he was illegally deprived of his liberty, because the statute under which he was held was unconstitutional. In Johnson v. Hoy, 227 U. S. 245, 247, 33 Sup. Ct. 240, 241 (57 L. Ed. 497), the court declared that—

"The writ of habeas corpus is not intended to serve the office of a writ of error, even after verdict, and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases, as pointed out in Ex parte Royall, 117 U. S. 241."

[1] McMicking v. Schields, 238 U. S. 99, 35 Sup. Ct. 655, 59 L. Ed. 1220; Frank v. Mangum, 237 U. S. 309, 35 Sup. Ct. 582, 59 L. Ed. 969; Henry v. Henkel, 235 U. S. 219, 229, 35 Sup. Ct. 54, 59 L. Ed. 203; Dimmick v. Tompkins, 194 U. S. 540, 24 Sup. Ct. 780, 48 L. Ed. 1110; Terlinden v. Ames, 184 U. S. 270, 22 Sup. Ct. 484, 46 L. Ed. 534; Storti v. Massachusetts, 183 U. S. 138, 22 Sup. Ct. 72, 46 L. Ed. 120; In re McKenzie, 180 U. S. 536, 21 Sup. Ct. 468, 45 L. Ed. 657; Andersen v. Treat, 172 U. S. 24, 19 Sup. Ct. 67, 43 L. Ed. 351; Baker v. Grice, 169 U. S. 284, 290, 18 Sup. Ct. 323, 42 L. Ed. 748; Ex parte Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; Ex parte Belt, 159 U. S. 95, 15 Sup. Ct. 987, 40 L. Ed. 88; United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631; Ex parte Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; Ex parte Frederich, 149 U. S. 70, 75, 13 Sup. Ct. 793, 37 L. Ed. 653; In re Lane, 135 U. S. 443, 10 Sup. Ct. 760, 34 L. Ed. 219; Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405; Ex parte Royall, 117 U. S. 241, 250, 6 Sup. Ct. 734, 29 L. Ed. 868; Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050, 29 L. Ed. 277; Ex parte Yarbrough, 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274; Ex parte Virginia, 100 U. S. 339, 25 L. Ed. 676; Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538; Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; Jamison v. Wimbish (D. C.) 130 Fed. 351; In re Laing (C. C.) 127 Fed. 213; Ex parte Green (C. C.) 114 Fed. 959; Ex parte Glen (C. C.) 111 Fed. 257; Ex parte Stricker (C. C.) 109 Fed. 145; United States v. Fuellhart (C. C.) 106 Fed. 911; In re Davenport, 102 Fed. 540; Cohn v. Jones (D. C.) 100 Fed. 639; In re Fair (C. C.) 100 Fed. 149; Campbell v. Waite, 88 Fed. 102, 31 C. C. A. 403; In re Weeks (D. C.) 82 Fed. 729; Kelly v. Georgia (D. C.) 68 Fed. 652; Ex parte Conway (C. C.) 48 Fed. 77; United States v. Thomas (D. C.) 47 Fed. 807; Ex parte Kieffer (C. C.) 40 Fed. 399; In re Laundry License Case (D. C.) 22 Fed. 701.

In Glasgow v. Moyer, 225 U. S. 420, 428, 32 Sup. Ct. 753, 755 (56 L. Ed. 1147), the court declared that—

"The writ of habeas corpus cannot be made to perform the office of a writ of error."

In Harlan v. McGourin, 218 U. S. 442, 31 Sup. Ct. 44, 57 L. Ed. 1101, 21 Ann. Cas. 849, the court said:

"Upon habeas corpus the court examines only the power and authority of the court to act, not the correctness of its conclusions."

In Re Chapman, 156 U. S. 211, 15 Sup. Ct. 331, 39 L. Ed. 401, an application was made to the Supreme Court for the writ of habeas corpus. The petitioner had been indicted in the Supreme Court of the District of Columbia and had demurred to the indictments. His demurrer was overruled and he appealed to the District Court of Appeals, where the indictment was again sustained and the case remanded. The Supreme Court held that it was a judicious and salutary general rule not to interfere by writ of habeas corpus with proceedings pending in the courts of the United States in advance of their final determination. Mr. Chief Justice Fuller, speaking for the court, said:

"The general rule is that the writ of habeas corpus will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction, and that it cannot be used to correct errors."

And see In re Huntington, 137 U. S. 63, 11 Sup. Ct. 4, 34 L. Ed. 567; In re Lancaster, 137 U. S. 393, 11 Sup. Ct. 117, 34 L. Ed. 713; Ex parte Mirzan, 119 U. S. 584, 7 Sup. Ct. 341, 30 L. Ed. 513.

In Riggins v. United States, 199 U. S. 547, 548, 26 Sup. Ct. 147, 148 (50 L. Ed. 303) Chief Justice Fuller said:

"It is settled that the writ of habeas corpus will not issue, unless the court under whose warrant petitioner is held is without jurisdiction, and that it cannot be used merely to correct errors. Ordinarily the writ will not be granted when there is a remedy by writ of error or appeal, yet in rare and exceptional cases it may be issued, although such remedy exists."

In Boske v. Comingore, 177 U. S. 459, 20 Sup. Ct. 701, 44 L. Ed. 846, a United States collector of internal revenue, who was held in prison by state authorities, was allowed upon a writ of habeas corpus to raise the question whether he was being held in violation of the Constitution and laws of the United States. The court declared that the case was one of urgency, in that the appellee was an officer in the revenue service of the United States, whose presence at his post of duty was important to the public interests.

In Ex parte Royall, 117 U. S. 254, 6 Sup. Ct. 742, 29 L. Ed. 872, the petitioner prayed for a writ of habeas corpus, on the ground that the state statute under which he was arrested and held in custody was repugnant to the Constitution of the United States. The application for the writ was denied. The reasons upon which the decision rests are those stated in another case reported in Ex parte Royall, 117 U. S. 241, 252, 253, 6 Sup. Ct. 734, 29 L. Ed. 868.

[1] But conceding that the writ cannot be used as a writ of error is it being so used in this case? Is what is complained of here a mere

error? We think the cases show that the writ of habeas corpus may be employed to obtain a discharge from imprisonment, where the court is either without jurisdiction or without power to pronounce sentence.

In Re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55, an officer of the United States was under arrest by the state authorities charged with the murder of one Terry, shot by Neagle in the discharge of his duty as a deputy marshal of the United States, assigned to protect Mr. Justice Field in the discharge of his official duties. The Circuit Court of the United States for the Northern District of California (39 Fed. 843) ordered his discharge on a writ of habeas corpus, holding that Neagle had acted in the discharge of his official duty, and was held in custody for an act done in pursuance of a law of the United States, and was imprisoned in violation of the Constitution and laws of the United States. The Supreme Court affirmed the action of the Circuit Court. The opinion of Mr. Justice Miller contains an elaborate discussion of the history of the office and function of the writ of habeas corpus. There is a dissenting opinion written by Mr. Justice Lamar, concurred in by Chief Justice Fuller. It is said in the dissenting opinion:

"Whether his defense is sufficient or not is for the court which tries him to determine. If, in this determination, errors are committed, they can only be corrected in an appropriate form of proceeding for that purpose. The office of a writ of habeas corpus is neither to correct such errors, nor to take the prisoner away from the court which holds him for trial, for fear, if he remains, they may be committed. Authorities to this effect in our own Reports are numerous."

In Hans Nielsen, Petitioner, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118, it was held that, where a court is without authority to pass a particular sentence, such sentence is void, and defendant imprisoned under it may be discharged on habeas corpus. In that case the petitioner claimed that he had been convicted twice for the same offense, and that, as the court erred in its decision, he was entitled to relief by habeas corpus. Mr. Justice Bradley wrote the opinion of the court, in which he said:

"The objection to the remedy of habeas corpus, of course, would be that there was in force a regular judgment of conviction, which could not be questioned collaterally, as it would have to be on habeas corpus. But there are exceptions to this rule, which have more than once been acted upon by this court. It is firmly established that, if the court which renders a judgment has not jurisdiction to render it, either because the proceedings, or the law under which they are taken, are unconstitutional, or for any other reason, the judgment is void and may be questioned collaterally, and a defendant, who is imprisoned under and by virtue of it, may be discharged from custody on habeas corpus. This was so decided in the cases of Ex parte Lange, 18 Wall. 163, and Ex parte Siebold, 100 U. S. 371, and in several other cases referred to therein. * * * In the present case, it is true, the ground for the habeas corpus was, not the invalidity of an act of Congress under which the defendant was indicted, but a second prosecution and trial for the same offense, contrary to an express provision of the Constitution. In other words, a constitutional immunity of the defendant was violated by the second trial and judgment. It is difficult to see why a conviction and punishment under an unconstitutional law is more violative of a person's constitutional rights than an unconstitutional conviction and punishment under a valid law. In the first case, it is true, the court has no authority to take cognizance of the case;

but, in the other, it has no authority to render judgment against the defendant. * * * A party is entitled to a habeas corpus, not merely where the court is without jurisdiction of the cause, but where it has no constitutional authority or power to condemn the prisoner. As said by Chief Baron Gilbert, in a passage quoted in Ex parte Parks, 93 U. S. 18, 22. 'If the commitment be against law, as being made by one who had no jurisdiction of the cause, or for a matter for which by law no man ought to be punished, the court are to discharge.' This was said in reference to cases which had gone to conviction and sentence. Lord Hale laid down the same doctrine in almost the same words. 2 Hale's Pleas of the Crown, 144. And why should not such a rule prevail in favorem libertatis? If we have seemed to hold the contrary in any case, it has been from inadvertence; * * * but, with regard to the power of discharging on habeas corpus, it is generally true that, after conviction and sentence, the writ only lies when the sentence exceeds the jurisdiction of the court, or there is no authority to hold the defendant under it. In the present case the sentence given was beyond the jurisdiction of the court, because it was against an express provision of the Constitution, which bounds and limits all jurisdiction."

In Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717, the application for the writ was denied; the court thinking that the cause of commitment was lawful. But in the course of an elaborate opinion, also written by Mr. Justice Bradley, it was declared that the appellate jurisdiction of the court, exercisable by the writ of habeas corpus, extends to a case of imprisonment upon conviction and sentence of a party by an inferior court of the United States, under and by virtue of an unconstitutional act of Congress, whether the court has jurisdiction to review the judgment of conviction by writ of error or not. In speaking of the writ of habeas corpus the court said:

"It cannot be used as a mere writ of error. Mere error in the judgment or proceedings, under and by virtue of which a party is imprisoned, constitutes no ground for the issue of the writ. Hence, upon a return to a habeas corpus, that the prisoner is detained under a conviction and sentence by a court having jurisdiction of the cause, the general rule is that he will be instantly remanded. No inquiry will be instituted into the regularity of the proceedings, unless, perhaps, where the court has cognizance by writ of error or appeal to review the judgment. In such a case, if the error be apparent and the imprisonment unjust, the appellate court may, perhaps, in its discretion, give immediate relief on habeas corpus, and thus save the party the delay and expense of a writ of error. Bac. Abr. Hab. Corp. B, 13; Betherl's Case, Salk. 348, 5 Mod. 19. But the general rule is that a conviction and sentence by a court of competent jurisdiction is lawful cause of imprisonment, and no relief can be given by habeas corpus. The only ground on which this court, or any court, without some special statute authorizing it, will give relief on habeas corpus to a prisoner under conviction and sentence of another court, is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void."

In Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, the Circuit Court in the Southern District of New York had sentenced a man to fine and imprisonment, where the statute only conferred power to punish by fine or imprisonment, and the fine had been paid. The Circuit Court then modified the judgment, by imposing imprisonment, instead of the former sentence. The Supreme Court held that the first judgment, though erroneous, was not absolutely void; but it held the second judgment was not merely erroneous. It was void for want of power to impose it, and the court ordered the prisoner discharged on

his petition for a writ of habeas corpus. The Supreme Court, through Mr. Justice Miller, said:

"The power was exhausted; its further exercise was prohibited. It was error, but it was error because the power to render any further judgment did not exist. It is no answer to this to say that the court had jurisdiction of the person of the prisoner, and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such case. If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would, for the same reason, be void. Or if, on an indictment for treason, the court should render a judgment of attaint, whereby the heirs of the criminal could not inherit his property, which should by the judgment of the court be confiscated to the state, it would be void as to the attainder, because in excess of the authority of the court, and forbidden by the Constitution."

It therefore sufficiently appears that the writ may be used where one is restrained of his liberty by the action of a court which is without jurisdiction, or where it is without power to impose sentence; and as the petitioner asserts that he is restrained of his liberty, charged with an offense which the court is without power to punish, he has the right to have that question passed upon by this court in this proceeding. If there is anything settled in our jurisprudence, it is that no man is to be twice placed in legal jeopardy. "Nemo debet bis puniri pro uno delicto" and "Nemo debet bis vexari pro eadem causa" are familiar maxims of the law. The common law, not only prohibited a second punishment for the same offense, but it went further and forbade a second trial for the same offense, whether the accused had been punished or not. It made no difference whether the first trial resulted in acquittal or conviction. Ex parte Lange, supra.

The language of the Fifth Amendment to the Constitution declares:

"Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

[4] And he is twice put in jeopardy if he is put upon trial a second time for an offense of which he has been once acquitted or convicted. There is no power in any court to try him the second time, and a second judgment would be, not merely erroneous, but absolutely void. If the petitioner herein is being held for a crime of which he has already been acquitted, the court below is without power either to punish him again or to try him again for that offense; and in such a case he has the right through the writ of habeas corpus to obtain his discharge, if the two offenses are the same. We are bound therefore to determine whether the two crimes are the same.

[2] The crime for which Bens was tried and acquitted was, as we have seen, that of conspiracy. The conspiracy is the gist of the crime. It is the entering into the conspiracy to commit the crime which constitutes the offense, without reference to whether the crime which it was conspired to commit is consummated, or even agreed upon by the conspirators in all its details. Williamson v. United States, 207 U.

S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278. A conspiracy to commit a crime is one offense, and the commission of the crime is another and a distinct offense. The power exists to separate the conspiracy from the act itself, and to affix distinct and independent penalties to each. Clune v. United States, 159 U. S. 590, 595, 16 Sup. Ct. 125, 40 L. Ed. 269. The prohibition of the Constitution is against a second jeopardy for the "same offense"; that is, for the identical crime. The offenses charged in the two prosecutions must be the same in law and in fact. Burton v. United States, 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Thomas v. United States, 156 Fed. 897, 84 C. C. A. 477, 17 L. R. A. (N. S.) 720; 16 C. J. 263. If the facts which would convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed in the same transaction. Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151; Gavieres v. United States, 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489. And where a conspiracy to commit a crime is a substantive offense, neither an acquittal nor a conviction of a conspiracy to commit a crime is a bar to a prosecution for the commission of that crime, or for aiding and abetting another to commit it. Carter v. McClaughry, 183 U. S. 365, 394, 22 Sup. Ct. 181, 46 L. Ed. 236; Louie v. United States, 218 Fed. 36, 40, 134 C. C. A. 58.

The petitioner has been acquitted of the charge of conspiring with one Hanse to aid one Gitter to evade the Selective Service Law. He claims that his acquittal of that offense prevents his being put on trial charged with another and distinct offense that of aiding the said Gitter to evade the requirements of that law, and by knowingly, willfully, and unlawfully writing in false answers to the questions in the questionnaire, and by procuring the filing of said false and perjurious questionnaire. To procure a conviction of this offense it would be necessary to prove, not only that the questionnaire had been filed, but that the answers actually written in were false. As the offenses are distinct, and not identical, and the evidence which would convict of one of these crimes would not be sufficient to convict of the other, it would seem that there was no error in dismissing the writ of habeas corpus and remanding the petitioner to the custody of the marshal.

The order is affirmed.