**BOWLES, Adm'r, Office of Price Administration, v. HOFFMAN.**

**Civil Action No. 4834.**

District Court, N. D. California, N. D.

June 22, 1945.

W. H. Brunner and Joseph E. Tinney, both of San Francisco, Cal., for plaintiff.

Morris M. Grupp, of San Francisco, Cal., for defendant.

WELSH, District Judge.

Plaintiff filed a complaint to recover treble damages on behalf of the United States, alleging violation of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., by defendant. An information was filed against said defendant in case No. 8559 in this court on November 3, 1943. He pleaded guilty to the sixth and eleventh counts therein on December 29, 1943, and was granted probation on the sixth count for the period of three years, and fined $5,551.00 on the eleventh count.

Said defendant, at a pre-trial conference, made the contention that he has been placed twice in jeopardy. His claim seems to be that the present civil action for damages cannot be maintained against him because it was based on the same set of facts as the criminal case in which he was sentenced. The constitutional provision upon which he relies is contained in the Fifth Amendment— "* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *." It was early said by the Circuit Court in United States v. Haskell, 26 Fed.Cas.No.15,321 (p. 212): "The jeopardy spoken of in this article can be interpreted to mean nothing short of the acquittal or conviction of the prisoner, and the judgment of the court thereupon."

Later, the Circuit Court of Appeals said in Bens v. United States, 2 Cir., 266

F. 152, 159: "He is twice put in jeopardy if he is put upon trial a second time for an offense of which he has been once acquitted or convicted."

The Supreme Court said in Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 635, 82 L.Ed. 917: " * * * in the civil enforcement of a remedial sanction there can be no double jeopardy."

In Overnight Motor Co. v. Missell, 1914, 316 U.S. 572, 62 S.Ct. 1216, 1223, 86 L.Ed. 1682, it was said that liquidated damages for failure to pay minimum wages or compensation is not a penalty for punishment by the government "even double damages treated as penalties have been upheld as within constitutional power." Similarly, here, treble damages can be upheld.

Bowles v. Chew, D.C., 1944, 53 F.Supp. 787, was an action to recover treble damages from a lumber broker because of sales in excess of established prices. A defense similar to that involved herein was raised. The Honorable Louis E. Goodman, District Judge, disposed thereof with these apt words (53 F.Supp. at page 790): "Claim of violation of rights guaranteed by the Fifth Amendment is without merit, since this is not a criminal action. Nor is the cause of a penal nature, in the sense that the damages sought are by way of punishment for an offense, against the state, which the Executive has the power to pardon. Huntington v. Attrill, 146 U.S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123."

■ It is therefore held that defendant's defense of double jeopardy is without merit.

Defendant made a second claim that certain figures appearing in the transcript made by OPA investigators were obtained by comparison and computation, and therefore the transcript is unreliable as evidence. A somewhat similar situation existed in Augustine v. Bowles, 9 Cir., 149 F.2d 93, 97. The Court ruled: "Upon a more comprehensive reading of the investigator's testimony, however, it becomes clear that the compilation was made up from the appellant's invoices and that the only other source for the compiled material was the OPA regulations. We believe the trial court was correct in admitting this tabulation over appellant's objection that it contained hearsay material, that is, that the investigator Ortland had included out of court statements and observations. The summary or tabulation in this case was based upon invoices which were turned over to the appellant and he was afforded a week's time to check the invoices against the tabulation. The tabulation was therefore admissible upon this point. Shreve v. United States, 9 Cir., 103 F.2d 796, 811; cf. Wilkes v. United States, 9 Cir., 80 F. 2d 285, 291."

■ It appears that defendant's objection goes rather to the weight of the proposed evidence than to its admissibility. This Court is inclined to hold that plaintiff may use the transcript, but that defendant may make such objections or motions with respect to specific portions thereof as may be advised.

■ Defendant questioned whether or not plaintiff could present evidence of defendant's ration bank account, showing total red points deposited and amounts of points representing deposits by checks and stamps. It is held that such evidence may be introduced. Certain practices have become quite well established with respect to the use of ration bank accounts. They have become somewhat analogous to commercial bank accounts. The Court will be interested in learning the details of how the defendant operated with respect to said ration bank account.

Computations may be made from the information thus elicited. Inferences may be drawn therefrom which will prove helpful in arriving at a conclusion. The Court is not disposed to limit either of the parties in making such proof as may be possible for them. Both sides will be given the fullest opportunity at the trial to urge whatever may be by them deemed necessary or proper.

It is ordered that the above entitled cause proceed to trial without any restrictions in advance with respect to evidence, as requested at the pre-trial conference.