**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dorman Wilson CHANDLER,**
**Defendant-Appellant.**

**No. 79–5041.**

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1979.

Rehearing and Rehearing En Banc Denied
Nov. 19, 1979.

Mark J. Kadish (Court-Appointed), Rhonda Ann Brofman, Atlanta, Ga., for defendant-appellant.

William F. Bartee, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, GEE and RUBIN, Circuit Judges.

GEE, Circuit Judge:

This case presents an issue of first impression concerning the reach of 18 U.S.C. § 1503, the federal criminal statute that prohibits the corruption of justice by, among other means, endeavors to impede a witness in any United States court in the discharge of his duty to testify.[1] We must decide whether a person who has testified at trial remains a witness within the meaning of 18 U.S.C. § 1503 after the trial has concluded but while the case is pending on direct appeal before a United States court of appeals, such that an effort to have him killed to prevent his testifying at any retrial of the case would violate the statute.

■ ·The instant case has its genesis in events surrounding an earlier action known as the *Talapoosa Pipeline* case, *United States v. Black* (Cr. No. 77–15N; N.D.Ga.),

aff'd sub nom. *United States v. Chandler*, 586 F.2d 593 (5th Cir. 1978). In that case, Dorman Wilson Chandler, appellant here, was tried and convicted of conspiracy to steal, transport, and receive gasoline from an interstate pipeline and of the substantive offenses of theft and interstate transportation of gasoline from interstate pipelines. The prosecution's key witness in the *Talapoosa Pipeline* case was Millard Mann, an indicted coconspirator who testified against Chandler and his cohorts in exchange for the government's dismissing the charges against him and his two children.[2] Chandler appealed his conviction in the *Talapoosa Pipeline* case and, while the appeal was pending before this court, hired one Kenneth E. McEachern to kill Mann in order to prevent him from testifying again in the event that we should reverse the judgment and remand the case for a new trial.[3] For this activity, Chandler was indicted for conspiracy to violate Millard Mann's civil rights under 18 U.S.C. § 241, for obstructing justice under 18 U.S.C. § 1503, and for various firearm violations under 26 U.S.C. §§ 5811, 5861(d) and (e), and 5871. Tried by

1. 18 U.S.C. § 1503 provides:

   *Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States Commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States Commissioner or other committing magistrate, in the discharge of his duty,* or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due adminis-

   tration of justice, shall be fined not more than $5,000 or imprisoned not more than five years or both. (emphasis added)

2. Mann's testimony provided the backbone of the case against Chandler. The prosecutor in the *Talapoosa Pipeline* case stated at trial in the matter now at bar that "Mr. Mann was the insider in the conspiracy . . . [and] was the one who provided nine-tenths of the evidence against Mr. Chandler and many of the others in the case."

3. That Mann was not assassinated has no bearing on whether Chandler is guilty under 18 U.S.C. § 1503 of *endeavoring* to impede a witness in a United States court in the discharge of his duty to testify. *United States v. Jackson*, 168 U.S.App.D.C. 198, 202, 513 F.2d 456, 460 (D.C. Cir. 1975) ("It is the endeavor to bring about the forbidden result, and not success in achieving the result, that Section 1503 makes a crime."); *Catrino v. United States*, 176 F.2d 884, 886 (9th Cir. 1949) ("fact that the 'endeavor' is unsuccessful is immaterial"). *See United States v. Russell*, 255 U.S. 138, 143, 41 S.Ct. 260, 65 L.Ed. 553 (1921) (construing Comp. Stat. § 10305, a precursor of 18 U.S.C. § 1503, as "not directed at success in corrupting . . . but at the 'endeavor' to do so").

a jury, Chandler was convicted of obstructing justice by his endeavor to have Mann killed. Chandler moved for a judgment of acquittal notwithstanding the verdict on the ground that Mann was not a "witness" protected by 18 U.S.C. § 1503 at the time he attempted to have Mann assassinated. The district court denied the motion, and Chandler appeals, arguing that the motion was erroneously denied.

The precise question of whether a person who testified at trial is a witness for purposes of 18 U.S.C. § 1503 after the trial court proceedings have terminated in the defendant's conviction and sentencing, but while the case is pending on direct appeal, has never been decided. However, we are guided in our interpretation of the statute by the understanding of "witness" embraced by this and other circuit courts in cases applying section 1503 and by the policy underlying the act.

■ This court has defined a section 1503 witness as one who "knows or is supposed to know material facts, and is expected to testify to them, or to be called on to testify . . . ." *Hunt v. United States*, 400 F.2d 306, 307 (5th Cir. 1978), *cert. denied*, 393 U.S. 1021, 89 S.Ct. 629, 21 L.Ed.2d 566 (1969); *Odom v. United States*, 116 F.2d 996, 998 (5th Cir.), *rev'd on other grounds*, 313 U.S. 544, 61 S.Ct. 957, 85 L.Ed. 1511 (1941). Other courts, too, have adopted this functional approach to ascertaining whether a person is a "witness" within the meaning of section 1503. *E. g., United States v. Jackson*, 168 U.S.App.D.C. 198, 201, 513 F.2d 456, 459 (D.C. Cir. 1975); *United States v. Griffin*, 463 F.2d 177, 179 (10th Cir. 1972); *United States v. Grunewald*, 233 F.2d 556, 571 (2d Cir. 1956), *rev'd on other grounds*, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957); *Berra v. United States*, 221 F.2d 590, 596–97 (8th Cir. 1955); *United States v. Perlstein*, 126 F.2d 789 (3d Cir.), *cert. denied*, 316 U.S. 678, 62 S.Ct. 1106, 86

L.Ed. 1752 (1942). Indeed, the statute's very purposes of protecting participants in federal judicial proceedings and preventing interference by corrupt methods with the administration of justice, *Samples v. United States*, 121 F.2d 263, 265 (5th Cir. 1941) (construing 18 U.S.C. § 241, a precursor of 18 U.S.C. § 1503), require that the connotation of "witness" be "determined with a view to substance, rather than form." *United States v. Grunewald, supra. See United States v. Jackson, supra* (instructing that in determining whether a person is a section 1503 witness the court not lose sight of the statutory purposes, "one of which clearly is the protection of participants in federal judicial proceedings, and thereby the protection of the public interest in the due administration of justice").

Thus, we have held that a person "may be a witness within the protection of this statute though he may not be under formal subpoena." *Odom v. United States, supra* (construing 18 U.S.C. §§ 241 and 242, now 18 U.S.C. § 1503). And we have ruled that an informer who had given information to the government, resulting in the filing of a complaint with a United States Commissioner, and who was expected to testify in future legal proceedings that had not yet been convened when the effort to impede him in the exercise of his duty to testify occurred, was a witness protected by 18 U.S.C. § 1503. *Hunt v. United States, supra*. In the same spirit of statutory construction, this court has not limited the definition of "witness" by the notion, arguably suggested by the language of some cases and urged by appellant Chandler here, that a person who has testified or is expected to testify at a trial can be considered a "witness" only while the case is pending in the trial court and while that court retains control over him as one who can be commanded to appear and give evidence in a case pending before it.[4] *See Hunt v. Unit-*

---

4. Chandler seeks support for his position in *United States v. Jackson, supra*, 168 U.S.App. D.C. at 201–202, 513 F.2d at 459–60, and in *United States v. Thomas*, 47 F. 807, 808 (W.D. Va.1881). In *Jackson* the Court of Appeals for the District of Columbia stated:

[O]ne is no longer a witness when the proceeding in which he has testified is no longer pending. . . . '[T]he protection of the law, under [section 1503], is coincident and continuous with the power of the court over the witness, to compel him to attend and give

ed States, supra at 307–08 (holding person a witness if he "knows or is supposed to know material facts, and is expected to testify to them" and finding it immaterial for section 1503 purposes that the legal proceeding in which the putative witness was expected to testify was not active before a court in which he could have testified when an effort was made to deter him from later testifying, but instead was pending between preliminary examination and grand jury stages).

Applying our pragmatic definition of a section 1503 "witness" in light of the protective purpose of the obstruction of justice statute, we find that Mann retained his status as a "witness" while the *Talapoosa Pipeline* case was pending on direct appeal.

As the government's chief informant against Chandler in that case, Mann knew material facts. Chandler's appeal of his conviction gave rise to the realistic possibility that the *Talapoosa Pipeline* case would be retried on remand from the circuit court, thereby creating the necessary "present prospect" that Mann's "testimonial potential" would be exploited.[5] *United States v. Jackson, supra,* 168 U.S.App.D.C. at 201, 513 F.2d at 459. His protection fell squarely within the purpose of section 1503, and proof that Chandler had attempted to have Mann killed in order to prevent him from testifying in a pending federal judicial proceeding thus established that he violated 18 U.S.C. § 1503.[6]

---

evidence in some pending case. . . .'
We hold that one who is called as a trial witness retains that character throughout the duration of the trial.

(quoting *United States v. Thomas, supra*). In *Thomas,* prosecution was brought under section 5399, Rev.Stat.U.S., 1878, a forerunner of the present section 1503 that did not contain the current prohibition against injury to a witness in retaliation for his prior appearance or testimony. The court directed a verdict of not guilty when the person who had testified was assaulted after the case in which he had been a witness was dismissed. The court based its decision on the ground that it had not been shown that the government contemplated using the victim's testimony in a further prosecution of that case, since it had been dismissed, and on its understanding that "his relation to the court as a witness was entirely severed . . ." 47 F. at 808. The *Thomas* court explained that in its view "the protection given a witness, under this section . . . [did not follow] him after he has been discharged as a witness and the court has no further power or control over him as such. . . ." *Id.* It further declared that

the protection of the law, under this section, is coincident and continuous with the power of the court over the witness, to compel him to attend and give evidence in some pending case; and when this relation between the court and the witness ceases, the protection of the law, under this section, is terminated. The language of the statute is, 'intimidate or impede any witness or officer in any court;' not after this relation is ended.

*Id.* at 808.
We do not interpret *Jackson* as holding that a person is a witness *only* throughout the duration of the trial in which he testified, although it clearly and correctly holds that a person who testifies at trial remains a witness *at least* while

the case is pending in the district court. *Jackson* specifically left open "whether a witness remains such, for purposes of Section 1503, after conclusion of the ongoing trial simply because of the possibility that he might be called to again testify in the event of a retrial." 513 F.2d at 460 n. 24. And while the broader language of *Thomas* is certainly susceptible to a reading that a person is a witness only as long as he remains in a relationship to the trial court formed by that court's power to compel him to testify, we feel the case should be understood in light of its facts. In *Thomas* the case had been dismissed. Therefore, it was not still pending, and there was not any possibility that the victim of the assault would be called upon to testify to the material facts he knew in any court of the United States. For these reasons, when the trial court's power over the witness ended, he was no longer a witness. To the extent that *Thomas* does indicate that a person cannot be a witness for the purposes of the obstruction of justice statute simply because the case is not active in the trial court in which he testified and the trial court lacks power to compel him to appear and testify, we reject its teaching as unfounded either in the language of the statute or in the logic of its protective purpose.

5. Jerome J. Froelick, Jr., the prosecutor of the *Talapoosa Pipeline* case, testified at the trial of the present matter that if it were necessary to retry the *Talapoosa Pipeline* case, Mann's testimony would "definitely" be material.

6. To establish a violation of 18 U.S.C. § 1503, it is necessary to "prove that there was a proceeding in the courts of the United States" (here the appeal of *Chandler v. United States* before this court) and that Mann "was a witness therein, and that the accused had knowl-

While we find unpersuasive Chandler's assertion that his conviction cannot stand because Mann was not a "witness" within the meaning of 18 U.S.C. § 1503, an additional issue, going to the validity of the jury's verdict, was raised for the first time at oral argument. It was brought to our attention that the judge below charged the jury that in order to convict under the obstruction of justice charge it must find that the defendant "attempted to hire and did hire another person to kill a witness in a case *pending in this court*"; that in doing so he "endeavored to influence, intimidate or impede the witness in the discharge of his right and privilege to testify in a case *pending in this court*"; and "that such acts were done corruptly." (emphasis added) A question was raised as to whether the jury properly could have convicted Chandler under such a charge when it was undisputed that during the relevant time period the *Talapoosa Pipeline* case was pending before the court of appeals and not before the district court.

We decline to construe the jury's verdict as indicating that when Mann's assassination was plotted, the case in which he had testified was pending in the district court, contrary to the uncontradicted evidence that the case was on appeal. We will not "indulge assumptions of irrational jury behavior," *Schneble v. Florida*, 405 U.S. 426, 432, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), when a rational explanation for the jury's verdict, consistent with both the judge's instructions and the evidence, is available. *United States v. Dunham Concrete Products, Inc.*, 501 F.2d 80 (5th Cir. 1974). Although the language of the charge is per-

haps unfortunate, the jury of laymen could well have understood from the phrase "pending in this court" that the obstruction of justice offense required a finding that the *Talapoosa Pipeline* case remained active and carried with it the possibility that further district court proceedings would be necessary for its ultimate resolution and not that it was "pending" in the district court in some technical sense with which they were unfamiliar. So perceived, the charge and the jury's verdict in response to it are supported by the evidence.

AFFIRMED.

---

edge of both facts, and intended by [his efforts] either to punish him for past testimony or prevent him from testifying in the future." *Odom v. United States*, 116 F.2d 996, 998 (5th Cir.), *rev'd on other grounds*, 313 U.S. 544, 61 S.Ct. 957, 85 L.Ed. 1511 (1941). The evidence presented to the jury was sufficient to establish these elements of the offense. Kenneth E. McEachern testified at trial below that, in hiring him to kill Mann, Chandler had explained that Mann had been a witness in the *Talapoosa Pipeline* case, that the defendants in the case had appealed it and expected their convictions

to be overturned, and that by eliminating Mann they intended to eliminate the evidence available against them for retrial. In addition, Martin M. Garrity, a special agent with the Bureau of Alcohol, Tobacco & Firearms, testified that Chandler told him, while he was working in an undercover capacity, that he was anticipating a new trial in the *Talapoosa Pipeline* case and that he would "beat the charge" because the "snitch" who had previously testified would not do so at retrial.