**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Garry PATTON, Defendant-Appellant.**

**No. 82–5048.**

United States Court of Appeals,
Sixth Circuit.

Argued March 15, 1983.

Decided Nov. 11, 1983.

W. Meredith Clark (argued), Memphis, Tenn., for defendant-appellant.

W. Hickman Ewing, Jr., U.S. Atty., Arthur S. Kahn, Asst. U.S. Atty. (argued), Memphis, Tenn., for plaintiff-appellee.

* Hon. Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

Before LIVELY, Chief Judge, KRUPANSKY, Circuit Judge, and BALLANTINE, District Judge.*

KRUPANSKY, Circuit Judge.

Defendant-appellant, Garry Patton (Patton), appeals his conviction, entered on a jury verdict in the Western District of Tennessee, of conspiring to obstruct justice, 18 U.S.C. § 371, and endeavoring to influence a witness, 18 U.S.C. § 1503.

A review of the record below reveals the following pertinent facts. In August of 1981, one Patty Bumgarner (Bumgarner), was tried and convicted in the Western District of Tennessee in connection with the possession of firearms and drugs. Josephine Harvey (Harvey), Bumgarner's sister-in-law, testified as a government witness in Bumgarner's trial.

Beginning on August 23, 1981, Bumgarner telephoned Harvey on several occasions and attempted to persuade her to retract her trial testimony by threatening her with physical harm. At that time Bumgarner's motion for a new trial on the drug and firearm charges was pending.

Several days after the telephone calls from Bumgarner, Harvey received a call from a man who identified himself as "Toby Smith" and threatened to kill her if she failed to retract her testimony in the Bumgarner trial. A similar call was received the following evening.

Thereafter, Harvey contacted the Bureau of Alcohol, Tobacco and Firearms and was provided with a tape recorder. Two additional threatening phone calls were received from the male caller and Harvey recorded these calls.

Patton was arrested on September 10, 1981 in Arkansas based on a complaint filed by the United States Attorney for the Western District of Tennessee. Patton was transferred to the Western District of Tennessee on September 15, 1981 for a grand jury appearance.

On September 15, Patton, under the direction of ATF agents, permitted a voice exemplar to be recorded. The exemplar was accomplished by again connecting Harvey's telephone to a recorder and having Patton dial Harvey's telephone number and recite the threats which Harvey had received.

By agreement between the Assistant United States Attorney and Patton's counsel, Harvey was not to listen to the exemplar as it was being recorded. However, the agent who was operating the recording equipment at Harvey's home permitted Harvey to listen as Patton was reciting the threats for the exemplar. Harvey immediately recognized the voice as that of the threatening caller, became frightened and threw the receiver to the floor.

On September 16, 1981, the Grand Jury for the Western District of Tennessee issued an indictment charging Patton with one count of conspiracy to obstruct justice, and two counts of endeavoring to influence a witness by the use of threats. A jury trial commenced on December 28, 1981. At trial Harvey identified the voice on Patton's exemplar as that of her threatening caller. The jury returned a verdict of guilty on all three counts on December 30, 1981. This appeal ensued.

Patton raises several issues on appeal, only three of which merit discussion here. Patton charges that the voice identification made by Harvey violated his Sixth Amendment right to effective assistance of counsel

and his Fifth Amendment right to due process. He further charges that, at the time of the alleged threats, Harvey was not a "witness" within the purview of 18 U.S.C. § 1503.

In support of his Sixth Amendment argument, Patton asserts that, because Harvey was permitted to listen to his voice as he was recording the voice exemplar, the pretrial voice identification was analogous to a pretrial lineup. The Supreme Court has held that a pretrial lineup conducted after the advent of adversary criminal proceedings is a critical stage of the prosecution and that it is a violation of the accused's Sixth Amendment right to counsel to conduct such a lineup without notice to, and in the absence of, counsel. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).[1] Thus, Patton argues, his right to counsel was abridged because his attorney was not informed that Harvey would be listening to the recording of his voice exemplar and, therefore, Harvey should not have been permitted to make an in-court identification of his voice.

Assuming, arguendo, that adversary criminal proceedings had commenced,[2] and that the pretrial voice identification was a critical stage of the prosecution,[3] exclusion of the in-court voice identification was not warranted in this case. In *Wade*, the Supreme Court held that the absence of counsel at a pretrial lineup renders a subsequent in-court identification inadmissible *unless*

1. Although the Supreme Court in *Wade* was primarily concerned with the visual lineup, it may be noted that Wade and the other persons in the lineup were directed to repeat words allegedly used by the criminal. Thus, an element of voice identification was also present in *Wade*.

2. *Compare: United States v. Duvall*, 537 F.2d 15 (2d Cir.1976) (Complaint does not commence prosecution).

3. *Compare: United States v. Thomas*, 586 F.2d 123 (9th Cir.1978) (telephone conversations with government agent who subsequently identified defendant's voice at trial were not critical stages); *United States v. Kim*, 577 F.2d 473 (9th Cir.1978) (pretrial voice identifications of *taped* conversations of defendant were not critical stages); *United States v. Dupree*, 553 F.2d

1189 (8th Cir.) *cert. denied*, 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977) (no right to counsel when voice array was played for witnesses); *United States v. Woods*, 544 F.2d 242 (6th Cir.1976), *cert. denied*, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977) (no requirement that counsel be present during telephone conversations about routine matters even if conversation formed the basis for in-court voice identification); *United States v. Smith*, 467 F.2d 1126 (7th Cir.1972) (court assumed, arguendo, that absence of counsel at voice identification session violated defendant's rights); *United States v. James*, 496 F.Supp. 284 (W.D.Okl.1977) (accused had right to counsel when he was required to demonstrate his voice for identification).

the identification had an independent basis.[4]

The Court in *Wade* proceeded to enumerate various factors for consideration in determining whether an independent basis for the courtroom identification exists:

> the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the line-up identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup.

*United States v. Wade, supra,* 388 U.S. at 242, 87 S.Ct. at 1940 (footnote omitted). Several of these factors, although enunciated with visual, rather than aural identification in mind, are relevant to the latter. Considering these criteria in the matter *sub judice* the Court concludes that they present clear and convincing evidence that Harvey's in-court identification was independent of the pretrial "lineup."

First, Harvey received threats on four separate occasions. She therefore had an excellent opportunity to gain familiarity with Patton's voice during the commission of the "alleged criminal act." Furthermore, Harvey was attentive to these calls as is evidenced by her ability to recite the threats received. In contrast, the pretrial exposure to Patton's voice during the recording of the exemplar was extremely brief.

Secondly, the time between the crime and the pretrial "lineup" was approximately three weeks, not an unduly lengthy period. Finally, the reaction of Harvey during the "lineup" is particularly instructive. Upon briefly hearing Patton's voice, Harvey immediately recoiled, instantly recognizing the voice. This reaction indicates a solid familiarity with the voice derived from the four threatening calls. In sum, the Court is firmly convinced that the in-court identification was wholly independent of the pretrial "lineup". Accordingly, Pattons' Sixth Amendment rights were not violated by introduction of the identification testimony.

Patton raises a separate, albeit related, issue with respect to the voice identification. Patton contends that the circumstances surrounding Harvey's pretrial identification of his voice at the time his exemplar was being recorded were unduly suggestive. Thus, Patton argues, his due process right to a fair trial was abrogated by admitting into evidence Harvey's in-court identification.

The appropriate test to be applied is "whether, under the totality of the circumstances, there was an impermissibly suggestive identification procedure which caused a very substantial likelihood of irreparable misidentification." *United States v. Hamilton,* 684 F.2d 380, 383 (6th Cir.1982). *See Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). Although this test was developed with respect to visual identification,[5] the same principles apply with full force to aural identification. *See United States v. Pheaster,* 544 F.2d 353, 369 (9th Cir.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977) ("same due process should apply to either

---

4. As in *Wade,* the evidence of the *pretrial* identification was not elicited by the government on direct examination. This evidence was placed before the jury by appellant's counsel on cross examination. Accordingly, the per se exclusionary rule was not applicable. *Compare, Wade, supra, with, Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977) and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

5. It might be observed that *Neil v. Biggers, supra* 409 U.S. at 195–96, 93 S.Ct. at 380–81; and an antecedent case, *Stovall v. Denno,* 388 U.S. 293, 295, 87 S.Ct. 1967, 1969, 18 L.Ed.2d 1199 (1967), although primarily concerned with visual identification, involved both types of identification.

method"), *Israel v. Odom,* 521 F.2d 1370, 1374 (7th Cir.1975) ("As with lineup identification ... the [identification] process should present the question of identification to the witness in as neutral a context as practicable.") *See also, United States v. Schultz,* 698 F.2d 365 (8th Cir.1983); *Brown v. Harris,* 666 F.2d 782 (2d Cir.1981) *cert. denied,* 456 U.S. 948, 102 S.Ct. 2017, 72 L.Ed.2d 472 (1982); *United States v. Basey,* 613 F.2d 198 (9th Cir.1979), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 274 (1980); *United States v. Kim,* 577 F.2d 473 (9th Cir.1978); *United States v. Dupree,* 553 F.2d 1189 (8th Cir.), *cert. denied,* 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977).

█ In any event, Patton's due process argument is without merit. The Court has previously determined that the in-court identification was independent of the pretrial identification. It follows, as a matter of logic, that, even if arguably suggestive, the pretrial identification could not have given rise to a substantial likelihood of irreparable misidentification.

█ Patton's final argument is that Harvey was no longer a "witness" for purposes of 18 U.S.C. § 1503 since the trial at which she testified had concluded.

Title 18 U.S.C. § 1503 provides in pertinent part:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States ... shall be fined not more than $5,000 or imprisoned not more than five years, or both.

As the government properly observes, the Fifth Circuit has recently held in a case under § 1503 that a witness retains the status of a witness while the case in which he testified is on appeal. *United States v. Chandler,* 604 F.2d 972 (5th Cir.1979), *cert. dism.,* 444 U.S. 1104, 100 S.Ct. 1074, 63 L.Ed.2d 317 (1980). It follows *a fortiori* that a witness retains that status while a motion for new trial is pending in the subject case. Accordingly, the appellant's final argument is without merit.

In accordance with the foregoing, the judgment of conviction must be, and hereby is AFFIRMED.