## UNITED STATES v. RACHMIL et al.

(District Court, S. D. New York. January 29, 1921.)

1. **Conspiracy ⬅27—Overt act may be attempt to commit offense.**
   The overt act charged in an indictment for conspiracy, under Penal Code, § 37 (Comp. St. § 10201), may easily, if it does not necessarily, comprehend an attempt to commit the crime to which the conspiracy relates.

2. **Conspiracy ⬅27—Filing, but not preparation, of false income return, is attempt to evade tax.**
   In an indictment for conspiracy to evade payment of an income tax, the preparation, signing, and acknowledgment of a false return, alleged as overt acts, would not constitute an attempt to evade payment of the tax; but the filing of the false return with the collector, thereby putting it out of control of defendants, which was also alleged as an overt act, would be an attempt.

3. **Criminal law ⬅200(6)—Indictment for attempt quashed, after acquittal for conspiracy involving same act.**
   An indictment for an attempt to evade payment of the income tax levied by Act Feb. 24, 1919, will be quashed, where the defendants had been previously acquitted of a charge of conspiracy to evade payment of the tax, in which one of the overt acts alleged was the filing of the false income tax return, since that act would constitute the attempt charged in the second indictment.

Morris S. Rachmil and others were indicted for attempting to evade the income tax imposed by Act Feb. 24, 1919. On plea in bar and motion to quash, filed by defendant Bloom. Motion to quash granted.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

·Francis G. Caffey, U. S. Atty., of New York City (George A. Connolly, Sp. Asst. Atty. Gen., of counsel), for the United States.

O'Gorman, Battle & Vandiver, of New York City (George Gordon Battle and Isaac H. Levy, both of New York City, of counsel), for defendant Bloom.

KNOX, District Judge.   The defendant Bloom was heretofore brought to trial, and acquitted, upon an indictment which, in one count thereof, charged him and his codefendants, Rachmil, Samuelson, and Rosenblum, with having conspired to defraud the United States; another count of the indictment charged as against the persons named a conspiracy to commit an offense against the United States, to wit, an attempt willfully to defeat and evade the income tax imposed by the Act of February 24, 1919 (40 Stat. 1058).   Each count of the indictment alleged certain overt acts to have been performed by one or more of the alleged conspirators.

Having successfully withstood the former prosecution, the defendants Rachmil, Samuelson, and Bloom again find themselves under indictment charged with having knowingly, willfully, and unlawfully attempted to defeat and evade certain provisions of the aforesaid taxing statute.   The defendant Bloom pleads in bar, first, that he has already been subjected to a trial of the offense charged in the present indictment; and, second, that all the issues of fact that would arise under a plea of not guilty to said indictment were presented upon the trial under the first indictment, and that said issues having been then adjudicated cannot again be the subject of further prosecution.   Accompanying the plea in bar is a motion to quash, which, it is said, is addressed to the sense of justice and equity of the court.

[1] The gist of the crime charged in the first indictment was, of course, the alleged conspiracy to commit the substantive offense denounced by the Act of February 24, 1919; in order, however, to make that crime cognizable in this court, an overt act done in pursuance of and to effectuate the object of the conspiracy was required to be alleged and proved.   Section 37, U. S. Penal Code (Comp. St. § 10201). It is impossible to tell, upon the general verdict of not guilty rendered' by the jury before which Bloom was tried, whether there was a failure of proof as to the existence of the conspiracy, or the commission of the overt acts set up, or both.   It is, however, none the less the fact that a conspiracy to commit an offense, and an act done in pursuance and to effectuate the object thereof, may easily, if it does not necessarily, comprehend an attempt to commit the crime as to which the conspiracy relates.

As is well known, the penal law only in rare instances denounces as a crime an attempt to do a forbidden thing; and it has undoubtedly been the practice, where more than one person has been engaged upon an attempt to commit an offense against the United States, to use the conspiracy section of the penal law as a medium of prosecution of persons whose efforts at law breaking fall short of the successful accomplishment of their ultimate object.   In such capacity section 37 of the Penal Code has done yeoman service.

Inasmuch, however, as the Income Tax Law itself makes an attempt to evade its provisions a crime, it would seem not to be necessary to make frequent resort to section 37 in order to overtake wrongdoers upon the threshold of their transgressions. I do not mean to say that resort to section 37 may not be had; circumstances are conceivable where such action would be the part of wisdom and in the public interest. Neither do I mean to hold that a verdict of not guilty upon a conspiracy charge necessarily forecloses a further prosecution for the substantive offense.

For example, in the original indictment filed against the present defendants the overt acts set up were as follows: (1) That Rachmil and Samuelson prepared a fraudulent income tax return for Bloom; (2) that Bloom signed the alleged false, fraudulent, and incorrect income tax return; (3) that Rachmil signed the said return and acknowledged the signature of the defendant Bloom thereto; and (4) that the defendant Bloom filed and caused to be filed with the collector of internal revenue for the Third district of New York the said false, fraudulent, and incorrect income tax return.

[2] Were it not for the overt act last recited, I would decline to give further consideration to the motion to quash. In other words, the first three overt acts fall short of an attempt to violate the taxing statute. The parties might have conspired to violate the law, and have done things in pursuance of such conspiracy which in and of themselves could by no manner of means constitute an attempt to violate the law. Suppose, for example, that the parties had orally agreed to violate the law, and that thereafter one of the parties visited one of his co-conspirators for the purpose of discussing details of the conspiracy. Such action upon the part of one of the conspirators would constitute an overt act; but none would contend, I think, that the mere agreement and the subsequent discussion of details would constitute an attempt to violate the taxing statute. What was done up until this time would fall short of an attempt. The parties might, before actually attempting to violate the law, withdraw from their unlawful agreement—such withdrawal, however, an overt act having, as above suggested, been committed, would not make them immune from successful prosecution under the conspiracy statute.

When, however, a step which has for its purpose nothing less than an attempt to defeat the Income Tax Law has taken place, namely, the filing of the return with the collector of internal revenue, the act denounced by the Income Tax Law itself has occurred. I say this because the return is then placed beyond the control of the defendant, and the collector in usual course will use such return as a basis of assessing the tax. The attempt of the defendant, if the return be false and fraudulent, is complete.

[3] Therefore I do not think it possible to say that the second count of the previous indictment charged anything less than an attempt to evade the provisions of the Act of February 24, 1919. Upon a trial of the present indictment, the issue as to whether the return filed was false and fraudulent, would be a fundamental proposition. That

issue was involved in the previous trial, and to permit it to be litigated again would come so close to an encroachment upon the constitutional rights of the defendants as to warrant me to quash the present indictment.