## UNITED STATES v. CLAVIN et al.

(District Court, E. D. New York. April 18, 1921.)

1. **Indictment and information ☞137(1)—Motion to quash indictment proper, where conviction is impossible in law.**

   In a prosecution for crime, where the defendants had filed a plea of former acquittal in addition to their plea of not guilty, a motion to quash the indictment is proper, if it clearly appears that, as a matter of law, there can be no conviction.

2. **Criminal law ☞294—Plea of former acquittal establishes identity of acts, in absence of denial.**

   A plea of former acquittal on a charge of conspiracy, interposed to an indictment for larceny which shows an identity of persons, time, circumstances, articles, and conduct, establishes the identity of the act charged as the larceny with the overt acts charged in the conspiracy indictment, in the absence of a sworn unequivocal denial by the government that the acts charged are the same.

**3. Criminal law ⊜⟶200(6)—Acquittal of conspiracy bars prosecution for acts alleged as overt acts.**

An acquittal of conspiracy, in which the alleged overt acts were the taking of certain whisky from a shipment in interstate commerce, is a bar to a subsequent prosecution for the stealing of that whisky.

Walter Clavin and another were indicted for larceny of goods which were part of an interstate shipment. On motion to quash the indictment. Motion granted.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y.

Alexander S. Drescher, of Brooklyn, N. Y., for defendants.

GARVIN, District Judge. Defendants have moved for leave to add to their respective pleas of "not guilty" a plea in bar, on the ground that each has been indicted and tried upon the charge contained in the indictment which has now brought them before the court, and upon such leave being granted they further move to quash the indictment, for the reason that all the issues arising thereunder by a plea of "not guilty" have been determined by their trial under the first indictment. The motion to enter the plea in bar has been granted. This is addressed to the discretion of the court, and the effect of its allowance, if the plea is sustained, is to enable the defendants to obtain a prompt and final adjudication of their rights, and to save both the government and the defendants the inconvenience and expense of an unnecessary trial.

The first indictment charged that between June 8 and June 15, 1920, the defendants conspired to commit an offense against the United States, to wit, the crime of stealing, unlawfully taking, and carrying away certain goods and chattels, a part of an interstate shipment of freight, with intent to convert the same to their own use. As overt acts, the indictment set forth: First, that defendants stole nine cases of whisky from a railroad car located in the Long Island City yards of the Long Island Railroad, a part of an interstate shipment of freight from A. Guckerheimer, Pennsylvania, consigned to the Lackawanna Supply Company, No. 18 Hulbert street, Orange, N. J.; and, second, that defendants stole seven cases of whisky. They were acquitted by the verdict of the jury.

The pending indictment charges that on or about June 11, 1920, the defendants unlawfully, willfully, and knowingly stole, took, and carried away, with intent to convert the same to their own use, certain goods and chattels, to wit, 16 cases of Guggenheimer whisky, which were moving as and which were part of and constituted an interstate shipment of freight, which had been sent from Guggenheimer Bros., Freeport, Pa., and consigned to the Lackawanna Supply Company, 18 Hulbert street, Orange, N. J.

[1] The motion to quash the indictment is proper, if it clearly appears that, as a matter of law, there can be no conviction. Foster's Federal Practice (5th Ed.) pp. 1702, 1703; Riggins v. United States, 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303; United States v. Grunberg (C. C.) 131 Fed. 137. It is urged that, as there could be no conviction

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon the conspiracy charge unless an overt act was alleged and proved, the acquittal of defendants upon that charge is a judicial determination in their favor with respect to their having committed such overt act and that they cannot subsequently be prosecuted by another indictment for committing the overt act itself, assuming that to be a crime.

[2] The government contends that it does not clearly appear that the defendants are now being prosecuted for doing what was charged they did as overt acts in the conspiracy indictment. The moving papers, which allege an identity of persons, time, circumstances, articles, and conduct, establish that the acts are the same, in the absence of a sworn, clear, unequivocal denial by the government. It will be unfortunate if the guilty escape punishment, but, as was said by Mr. Justice Miller in Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872:

"If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offense, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense."

[3] In this case the government elected to prosecute upon a charge of conspiracy, and was obliged to prove, as a part of the charge, the larceny of certain goods. Having failed to prove that charge, there can be no subsequent prosecution for a larceny of the same goods, which the government has charged and has failed to prove was committed by the defendants. The acquittal is res adjudicata, for all purposes, upon every issue involved in the first indictment. United States v. Oppenheimer, 242 U. S. 87, 37 Sup. Ct. 68, 61 L. Ed. 161, 3 A. L. R. 516. It was said in the recent case of United States v. Rachmil (D. C.) 270 Fed. 869, decided January 29, 1921:

"Upon a trial of the present indictment, the issue as to whether the return filed was false and fraudulent, would be a fundamental proposition. That issue was involved in the previous trial and to permit it to be litigated again would come so close to an encroachment upon the constitutional rights of the defendants as to warrant me to quash the present indictment."

In that case the first indictment was for conspiracy, and charged as an overt act an act which constituted an attempt to defeat and evade the income tax imposed by the Act of February 24, 1919, 40 Stat. 1057. The second indictment charged the defendants with having knowingly, willfully, and unlawfully attempted to defeat and evade certain provisions of the aforesaid act.

In view of the failure of the government to deny that the overt acts of the first indictment are the same acts which defendants are now charged with having committed, I am satisfied that they are the same, and that the charge was determined in favor of defendants by their acquittal.

The motion to quash is granted.