**UNITED STATES v. MORSE et al.**

District Court, S. D. New York.    September 28, 1926.

1. **Criminal law ⬅═►195(1)—Motion to quash indictment, considered as plea of autrefois acquit, cannot be sustained, where offenses charged are not identical.**

Motion to quash indictment, or for permission to file special plea in bar, considered as a plea of autrefois acquit, cannot be sustained, where the offenses charged are not identical.

2. **Judgment ⬅═►751—Questions distinctly put in issue and directly determined by court of competent jurisdiction cannot be afterwards disputed between same parties.**

Questions of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction, cannot afterwards be disputed between the same parties.

3. **Criminal law ⬅═►196—Indictment should be quashed, if facts necessarily decisive in case at bar are within adjudication of prior judgment of acquittal.**

If facts necessarily decisive in case at bar are within adjudication of a prior judgment of acquittal, pending indictment should be quashed, although charging a different offense.

4. **Criminal law ⬅═►196—Estoppel of former judgment of acquittal must preclude proof of facts necessary to sustain indictment, to warrant quashing indictment.**

An indictment cannot properly be quashed on ground of estoppel by prior judgment of acquittal, unless the estoppel precludes proof of facts necessary to sustain the indictment.

5. **Criminal law ⬅═►195(1)—Motion to quash indictment because of former judgment of acquittal denied, where offenses are different, and government is not estopped on any issue necessarily decisive.**

Motion to quash indictment on ground of former judgment of acquittal will not be granted, where offenses charged in two indictments are different, and government is not estopped on any issue necessarily decisive, although estopped on some matters of fact, material on issues raised by present indictment.

Criminal prosecution by the United States against Charles W. Morse and others. On motion of the defendants Charles W. Morse, Erwin A. Morse, Harry F. Morse, Benjamin W. Morse, and Rupert M. Much to quash the indictment, or for permission to file a special plea in bar; it having been stipulated by the parties that the motion may be treated as a plea in bar, and as if the government had demurred thereto. Motion denied without prejudice.

Nash Rockwood, of New York City, for the motion.

Fletcher Dobyns and Sylvester R. Rush, Sp. Asst. Attys. Gen., opposed.

24 F.(2d)—63½

THACHER, District Judge. [1,2] As a plea of autrefois acquit in bar to the indictment, the motion cannot be sustained, because the offenses charged are not identical. Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 632. The judgment upon the former indictment is therefore asserted, not in bar, but as an estoppel, upon the principle that questions of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction, cannot afterwards be disputed between the same parties. Frank v. Mangum, 237 U. S. 309, 333, 334, 35 S. Ct. 582, 59 L. Ed. 969; Coffey v. United States, 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684; United States v. Oppenheimer, 242 U. S. 87, 37 S. Ct. 68, 61 L. Ed. 161, 3 L. R. A. 516; Collins v. Loisel, 262 U. S. 426, 430, 43 S. Ct. 618, 67 L. Ed. 1062; United States v. McConnell (D. C.) 10 F.(2d) 977.

[3-5] To this extent the judgment of acquittal, although upon an indictment charging a different offense, operates as an estoppel, and, if facts necessarily decisive in the case at bar are within its adjudication, the pending indictment should be quashed. United States v. Rachmil (D. C.) 270 F. 869; United States v. Clavin (D. C.) 272 F. 985. But, of course, the indictment cannot properly be quashed unless the estoppel of the former judgment precludes proof of facts necessary to sustain it. The offenses charged in the two indictments are quite different. The most that can be said is that the financial condition of the companies named in both indictments would undoubtedly be material in each case. But it is entirely conceivable that the charge of conspiracy to devise a scheme to defraud through the use of the mails can be sustained, without contradiction of any fact determined by the former judgment. The government, although estopped upon some matters of fact material upon the issues raised by the present indictment, is not estopped upon any issue necessarily decisive, and should be permitted to prove its case, if this can be done without contradiction of facts already adjudicated. Certainly it cannot now be said that this will not be possible.

The motion will therefore be denied, without prejudice to the rights of the defendants named in the prior indictment to rely upon the former judgment of acquittal as an estoppel upon all questions of fact within its adjudication which may become material upon the trial.