[Crim. No. 1942.  Second Appellate District, Division Two.—March 1, 1930.]

In the Matter of the Application of BEN GETZOFF for a Writ of Habeas Corpus.

Mark F. Jones and G. J. Oppegard for Petitioner.

Buron Fitts, District Attorney, and Robert P. Stewart and Wm. R. McKay, Deputies District Attorney, for Respondent.

CRAIG, J.—The situation here presented is the same as that this day passed upon by this court in *In re Berman, ante,* p. 259 [286 Pac. 1043], except that the plea interposed and upon which the motion to dismiss was made and denied was double jeopardy and a prior conviction of the offense charged in indictment No. 35227. As in the other case the defendant was then entitled to a ruling upon his motion to dismiss. ■ Where, as was the case in the trial of the charge contained in indictment No. 35361, a general verdict of guilty is rendered and no special verdict returned by the jury to indicate the exact offense of which the defendant is convicted, such verdict is a finding that the defendant is guilty of each and all of the unlawful acts charged in the indictment. (*People* v. *Gayle,* 202 Cal. 159 [259 Pac. 750].)

■ Under the decision of the Supreme Court (in denying a hearing) in *People* v. *Keyes et al.,* 103 Cal. App. 624 [284 Pac. 1105], the conviction of Getzoff, like that of Keyes, could have been sustained as one of the substantive offenses charged in indictment No. 35361, which was set up as one of the overt acts in the charge of conspiracy, but sufficiently pleaded to show an unlawful and felonious offer and gift of a bribe.

We think the plea should have been sustained, and the petitioner is ordered released.

Works, P. J., and Thompson (Ira F.), J., concurred.