[Crim. No. 3635. In Bank.—August 1, 1933.]

THE PEOPLE, Respondent, v. FLORENCE B. MAC-, MULLEN, Appellant.

William F. Herron for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

CURTIS, J.—Defendant and three other persons were charged in an indictment presented by the grand jury of the city and county of San Francisco with the crime of conspiring to commit the crime of grand theft of a certain $500, and also as the overt act it was alleged that sum was actually stolen. The defendant pleaded not guilty. The case was set for trial and a jury impaneled to try the case. Thereafter the court, upon motion of the district attorney and without the consent of the defendant, dismissed said charge and the jury was discharged. Subsequently, a second indictment was filed against the defendant alone, charging her simply with the crime of grand theft in taking the identical $500, which in the prior indictment she was charged

with taking as the overt act in furtherance of the conspiracy. To this second indictment the defendant pleaded not guilty, once in jeopardy, and former acquittal. Upon the trial under the second indictment the jury found her guilty, and upon her pleas of once in jeopardy and former acquittal the verdict of the jury was for the People and against the defendant. The defendant has appealed from the judgment and the order denying a new trial.

Defendant contends that since the theft of the sum of $500 was an essential element of the crime of conspiracy, it having been alleged in the first indictment as the overt act committed in furtherance of the conspiracy, the dismissal of said indictment after the impaneling of the jury, under the circumstances detailed above, operated as an acquittal of defendant of the overt act as the substantive offense in the second indictment. It is admitted that the proceedings taken at the first trial, in legal effect, amounted to an acquittal of defendant of the crime of conspiracy. While there is some diversity of opinion upon the question presented, the overwhelming weight of authority is that the acquittal of a defendant of the crime of conspiracy to commit a crime is not a bar to a subsequent prosecution of said defendant for the commission of said crime, even though said crime is alleged in the conspiracy indictment as the sole overt act committed in furtherance of the conspiracy. (16 Cor. Jur. 280; *Burton* v. *United States,* 202 .U. S. 344 [26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362]; *Bens* v. *United States,* 266 Fed. 152; *Bell* v. *United States,* 2 Fed. (2d) 543; *Lewis* v. *United States,* 6 Fed. (2d) 222; *Chew* v. *United States,* 9 Fed. (2d) 348; *Mitchell* v. *United States,* 23 Fed. (2d) 260; *Fall* v. *United States,* 49 Fed. (2d) 506 [60 App. D. C. 124].) In the Bens and Fall cases the Supreme Court of the United States denied a petition for a writ of *certiorari* for the purpose of reviewing the decision therein. We feel that these authorities are decisive of the questions. There are two decisions of the District Court of the United States (*United States* v. *Rachmil,* 270 Fed. 869, and *United States* v. *Clavin,* 272 Fed. 985) expressing a contrary rule. They are out of line with the vast majority of decisions upon the subject. There is also language in a number of the decisions of this state expressing approval of the majority rule. (*People* v. *Clensey,* 97 Cal.

App. 71 [274 Pac. 1018]; *People* v. *Eiseman,* 78 Cal. App. 223 [248 Pac. 716]; *People* v. *Martin,* 114 Cal. App. 392 [300 Pac. 130].) Appellant relies with some assurance upon the case of *Oliver* v. *Superior Court,* 92 Cal. App. 94 [267 Pac. 764]. In that case the court held that the acquittal of defendants of the crime charged as the overt act in the conspiracy charge was a bar to any further prosecution on the conspiracy charge. But the reverse of that rule is not true. (See authorities above cited.) The cases of *People* v. *Keyes,* 103 Cal. App. 624 [284 Pac. 1096], *In re Getzoff,* 104 Cal. App. 261 [286 Pac. 1044], and *In re Berman,* 104 Cal. App. 259 [286 Pac. 1043], are in no way helpful to appellant.

The above conclusion is the same as that reached by the District Court of Appeal when the case was before that court for decision, but we have deemed it advisable to re-write the decision for the reason that on re-argument before us the parties presented many additional authorities not cited in their former briefs, nor referred to by the District Court of Appeal in its opinion.

We are also in accord with the opinion of the District Court of Appeal in its disposition of a further contention of appellant regarding the insufficiency of the evidence to support the verdict. That court disposed of that point in the following language:

"The defendant further contends that the evidence was insufficient to justify the verdict of the jury which found appellant guilty of grand theft by means of false pretenses, because it affirmatively appears that the persons who parted with their money did not rely upon any statements made by the defendant. The defendant quotes evidence which sustains her contention. The attorney-general quotes evidence which sustains the judgment. In other words, there was a conflict in the evidence on the subject. That conflict was for the jury's solution. This court may not disturb the verdict."

The order and judgment appealed from are hereby affirmed.

Langdon, J., Preston, J., Shenk, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.