36 F.Supp. 345 (1941)
UNITED STATES
v.
HALBROOK et al.
No. 21593.
District Court, E. D. Missouri, E. D.
January 22, 1941.
*346 Harry C. Blanton, U. S. Dist. Atty., of Sikeston, Mo., and David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo., for plaintiff.
Franklin E. Reagan, of St. Louis, Mo., for defendants.
MOORE, District Judge.
During the March Term, 1940, of this court the Grand Jury returned an indictment against the defendants J. Frank Halbrook and Ralph Swiney. The indictment is in two counts.
The first count charges that the defendant Halbrook, aided and abetted by the defendant Swiney, for the purpose of influencing the action of the Rolla Production Credit Association (a production credit association duly organized and existing under the provisions of 12 U.S.C.A. § 1131d, and amendments thereto), and for the purpose of influencing the Farm Credit Administration, upon an application for a loan made by the defendant Halbrook to the Rolla Production Credit Association, signed and filed with said Credit Association an application for a loan dated December 4, 1938, by means of which said Halbrook sought to obtain from said Credit Association a loan of $6,500, to be secured by a chattel mortgage on certain personal property set forth in said application as belonging to Halbrook and of a certain value. It is charged that such representations of ownership and value were false and made fraudulently, knowingly and willfully by defendants for the purpose of influencing the action of said lending agencies in approving and granting said loan to Halbrook.
The second count charges that defendant Swiney, who was an inspector for the Rolla Production Credit Association, and who took Halbrook's application, aided and abetted by defendant Halbrook, made a false "Field Report", which purported to be based on actual observation by Swiney of the personal property listed in Halbrook's application for a loan. It is charged that the defendant Swiney did not, in fact, inventory, value or inspect the property listed in the field report; that said property was not of the value described therein, nor did said property in truth or in fact exist as the property of Halbrook, as in said field report shown, but that said false representations were knowingly and willfully set forth in said field report for the purpose of influencing the action of the Rolla Production Credit Association and the Farm Credit Administration in approving and granting said loan to Halbrook.
Defendants have filed what they designate as a "Plea in Bar", in which it is requested that this court set aside said indictment and discharge defendants, for the reason that said defendants have previously been tried in this court and acquitted on an indictment charging them with a conspiracy to violate Section 1138d of Title 12, of the United States Code, 12 U.S.C.A. § 1138d, in which indictment the matters covered by the present indictment were set forth, among others, as overt acts committed by defendants pursuant to said conspiracy.
It is contended that to permit prosecution of defendants on the substantive offenses after they have been acquitted of the conspiracy charge in which said substantive offenses were relied upon as overt acts, would be to place defendants in jeopardy twice for the same offense.
This court will take judicial notice of its own records. In re Bennett, D.C. N.D.Cal., 84 F. 324. An examination of the indictment in Criminal No. 21458 reveals that in the fourth count thereof these same defendants were charged with a conspiracy to violate Section 1138d of Title 12, United States Code, 12 U.S.C.A. § 1138d, in that said defendants would willfully make material representations, knowing them to be false, and would overvalue property and security for the purpose of influencing the action of the Rolla Production Credit Association and the Farm Credit Administration upon an application for loan made by defendant Halbrook to said Rolla Production Credit Association. Eight overt acts are set forth, Nos. IV and V being as follows:
"IV. On or about December 4, 1938, the defendant J. Frank Halbrook signed, executed and presented to the Rolla Production Credit Association an application for loan, on Form P. C. A., 6-313, in the amount of Six Thousand Five Hundred ($6500.00) Dollars, the said loan to be made *347 by said Association to the said J. Frank Halbrook, in which application it was represented that the said J. Frank Halbrook was the owner of divers quantities of farm products and livestock."
"V. On or about December 4, 1938, the defendant Ralph Swiney, as Inspector for said Rolla Production Credit Association, filed with said Association a `Field Report', on Form P.C.A. 6-513 rev., whereby the said defendant Ralph Swiney represented to said Association that he, Ralph Swiney, as Inspector for said Association, had inventoried and appraised divers quantities of livestock, farm machinery and farm products, belonging to said J. Frank Halbrook."
It is apparent that the present indictment, which charges defendants with the commission of substantive offenses in violation of Section 1138d(a), of Title 12, United States Code, 12 U.S.C.A. § 1138d (a), covers the same matters set forth in the previous indictment as overt acts Nos. IV and V.
The question presented here has two aspects: (1) Does the acquittal of the defendants on the conspiracy charge bar further prosecution on the substantive offenses which were relied upon, among others, as overt acts in furtherance of the conspiracy, on the ground that such procedure would place defendants twice in jeopardy for the same offense? (2) Is the verdict of not guilty in the former indictment res adjudicata or an estoppel on the question of whether the defendants committed the unlawful acts relied upon by the government in the present indictment?
Taking up, first, the question of double jeopardy, it is plain that a conspiracy to commit an offense and the substantive offense itself are two wholly different and separate crimes. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Enrique Rivera v. United States, 1 Cir., 57 F.2d 816; Westfall v. United States, 6 Cir., 20 F.2d 604. While it is true that the conspiracy statute under which the defendants were prosecuted,[1] Section 37 of the Criminal Code, Section 88, Title 18 U.S.Code, 18 U.S.C.A. § 88, requires in addition to the unlawful agreement the commission by one or more of the parties concerned of an overt act to effect the object of the conspiracy, such overt act is not a part of the conspiracy and may or may not constitute a crime itself. United States v. Britton, 108 U.S. 199, loc. cit. 204, 2 S.Ct. 531, loc. cit. 534, 27 L.Ed. 698: "This offense does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. The provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a locus pnitentiæ so that before the act done either one or all of the parties may abandon their design, and thus avoid the penalty prescribed by the statute."
Before a defendant may successfully interpose a plea of double jeopardy, it is necessary that there be an identity of offenses. In Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 715, 59 L.Ed. 1153, the Supreme Court said: "As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."
In Louie v. United States, 9 Cir., 218 F. 36, the court had before it a similar situation to that presented in the case at bar. By prior indictment, on which the accused was acquitted, he was charged with conspiring with one Ralston to import opium into the United States for smoking, the indictment charging, among other things, as an overt act that Ralston, after formation of the conspiracy and during its continuance, to effect the object thereof, on March 5, 1913, did have in possession, conceal and fraudulently transport into the United States 64 five-tael tins of opium prepared for smoking, contrary to law, etc. By a subsequent indictment against accused, it was charged that on March 5, 1913, Ralston committed the offense of receiving, concealing, buying, selling and facilitating the transportation of the same *348 tins of opium for smoking, after the same had been imported into the United States contrary to law, which in effect was the same overt act charged against Ralston in the first indictment. The second indictment then charged that the accused aided and abetted Ralston in the commission of that offense.
Accused interposed a plea of former acquittal, which was held bad on demurrer. The Circuit Court of Appeals, in sustaining the trial court, said (218 F. at pages 39, 40): "There is plainly a lack of identity in the two indictments with respect to this charge as against the defendant Louie. * * * Congress has provided that if two or more persons conspire to commit any offense against the United States, and one or more of such parties do any act to effect the object of the conspiracy, all of the parties to such conspiracy shall be liable. Congress has also provided that whoever aids or abets another in the commission of an offense against the United States is a principal in the commission of the offense. These are separate and distinct offenses, and the courts are not authorized to hold as matter of law that one who aids and abets another in the commission of the offense is a conspirator, and may plead an acquittal of a conspiracy charge in bar of a prosecution for the other offense."
In People v. MacMullen, 218 Cal. 655, 24 P.2d 793, it was held that an acquittal on a conspiracy indictment was no bar to prosecution for the substantive crime. In that case the defendant was first tried and acquitted on a conspiracy indictment. He was later indicted and convicted of the substantive crime charged as the sole overt act in the conspiracy indictment. The court reviewed the authorities at length, including a great many Federal authorities which were cited as supporting the view taken by the court. It is interesting to note, also, that the court referred to the two cases relied upon by defendants in the case at bar (United States v. Rachmil et al., D.C., 270 F. 869, and United States v. Clavin, D.C., 272 F. 985) and stated that said cases are out of line with the vast majority of decisions on the subject.
In the former indictment it was only necessary for the Government to prove that the defendants conspired to violate Section 1138d(a), Title 12 of the United States Code, 12 U.S.C.A. § 1138d (a), and that one or more of them committed an overt act to effect the object of the conspiracy. It was, of course, not necessary that the overt act be committed by both of the defendants acting jointly, or that the overt act be itself a crime. In fact, the overt acts, Nos. IV and V, as set out in the previous indictment, do not constitute crimes, since it is merely alleged that the defendant Halbrook, on or about December 4, 1938, signed, executed and presented to the Rolla Production Credit Association an application for a loan in the amount of $6,500, in which application it was represented that Halbrook was the owner of divers quantities of farm products and live stock; and that the defendant Ralph Swiney, on or about December 4, 1938, filed with said association a field report whereby said defendant represented to said association that he, as inspector for said association, had inventoried and appraised divers quantities of live stock, etc., belonging to said J. Frank Halbrook. In the present indictment it will be necessary for the Government to show that defendants knowingly, falsely, each aided and abetted by the other, made false representations in the application for the loan and in the field report in order to bring their acts within the meaning of Section 1138d(a).
Testing the situation presented in the case at bar by the rule laid down by the Supreme Court in Morgan v. Devine, supra, it appears that the defendants' plea of double jeopardy cannot be sustained, since the offenses charged in the two indictments are separate and distinct, each requiring different evidence.
The question whether or not the verdict of not guilty is res adjudicata or an estoppel presents a somewhat more difficult problem, in that it is entirely possible that the jury in the former case may have been of the opinion, in reaching its verdict of not guilty, that the defendants had not committed the offenses with which they are charged in the present indictment. If the two counts in the present indictment had been included in the former indictment (which would have been proper, Felio v. United States, 8 Cir., 55 F.2d 161), of course this situation would not have been presented.
While the protection of the 5th Amendment as to double jeopardy is the one generally urged in criminal cases, yet the principle of res adjudicata or estoppel is also applicable. United States v. Oppenheimer, *349 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161, 3 A.L.R. 516.
In Washington, A. & G. Steam Packet Co. v. Sickles, 5 Wall. 580, 592, 18 L.Ed. 550, the Supreme Court lays down the following rule: "As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive, per se, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined  that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; and further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde consistent with the record may be received to prove the fact; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded."
Tested by the above rule, it would appear that the verdict of not guilty of the conspiracy charge in the former case does not preclude further prosecution of the defendants for the matters set forth as overt acts Nos. IV and V in said indictment, for the reason that the jury in the former case, in arriving at its verdict of not guilty, need not, necessarily, have decided that defendants did not commit said overt acts. It is entirely possible that they may have been of the opinion that they did commit such acts but had not conspired.
Any doubts that the writer may have about the matter are set at rest by the opinions of the Courts of Appeals in cases of Bell v. United States, 8 Cir., 2 F.2d 543, and Fall v. United States, 60 App.D.C. 124, 49 F.2d 506.
In the Bell case the defendants were indicted for a conspiracy to violate the National Prohibition Act, 27 U.S.C.A. § 1 et seq. In the second and third counts, defendants were charged with substantive offenses which covered the same matters set forth as overt acts in the conspiracy count. There was a verdict of not guilty on the conspiracy count and guilty on the other two counts. It was contended that the verdict of not guilty precluded a conviction on the second and third counts. The court said (2 F.2d at page 543):
"The argument is predicated on the thought that an acquittal on the charge of conspiracy amounts to a finding of not guilty on every material allegation contained in the indictment; that inasmuch as the offenses charged in counts 2 and 3 were material allegations contained in count 1, the verdict of not guilty was necessarily a finding of not guilty as to counts 2 and 3; that as to said counts, because of their acquittal on the conspiracy count, they had been in former jeopardy within the meaning of the Fifth Amendment to the Constitution and was also res judicata as to said counts.
"Some authorities may be found and some are cited by plaintiffs in error to sustain this contention. But the contrary rule is now too well settled, at least in the federal courts, to merit a lengthy discussion. A `conspiracy' to commit a crime is in itself a substantive offense denounced by statute and is completed by the unlawful agreement. The overt act is no part of the conspiracy. * * *
"Overt acts may be, and in this case, were, substantive offenses against the statutes of the United States. They were material allegations in the conspiracy count herein, incumbent upon the government to prove, but were not ingredients of the conspiracy itself. Proof of the overt acts alone would not warrant a conviction for conspiracy. That would require not only proof of the overt acts charged, or one of them, but proof of the unlawful agreement, and the jury might well, and in this case evidently did, find that the government had proved the overt acts charged but fell short of proving the unlawful agreement that would constitute the crime of conspiracy.
"When the overt acts charged in a conspiracy count are substantive offenses specifically denounced by statute, an acquittal under the conspiracy count does not prevent a prosecution or conviction on counts charging such acts as offenses. See Kelly et al. v. United States [6 Cir.], 258 F. 392, 169 C.C.A. 408; Bens v. United States [2 Cir.], 266 F. 152; Moorehead v. United States [5 Cir.], 270 F. 210, and Harris v. United States [2 Cir.], 273 F. 785, in which certiorari was denied by the United States *350 Supreme Court in 257 U.S. 646, 42 S.Ct. 55, 66 L.Ed. 414."
In Fall v. United States, 60 App.D.C. 124, 49 F.2d 506, writ of certiorari denied 283 U.S. 867, 51 S.Ct. 657, 75 L.Ed. 1471, Albert B. Fall was convicted of receiving a bribe of $100,000 from Doheny. Fall had previously been acquitted of an indictment charging conspiracy, in which one of the overt acts relied upon was the payment by Doheny to Fall of this same $100,000. The court said (49 F.2d at pages 510-511): "It is urged as ground for reversal that the charge made in the present bribery indictment is res adjudicata, and that the United States is estopped by the judgment entered in favor of Doheny and Fall in a former case. On May 27, 1925, Fall and Doheny were indicted for conspiracy to defraud the United States. The facts alleged in the indictment leading up to the charge of conspiracy were substantially the same as those alleged in the present indictment leading up to the charge of bribery. One of the overt acts alleged in the conspiracy indictment was the payment by Doheny of $100,000 to Fall, and this act is charged in the two indictments in substantially the same language. It necessarily followed that the evidence in support of the charge was substantially the same in both cases, but the offenses charged were not the same. Two or more persons must be involved in a conspiracy. The jury, for aught we know, in the former case may have reached the conclusion that Doheny in paying the $100,000 understood it to be a loan, and the payment was made without intent to influence Fall or without intent to commit any fraud against the government. If the jury believed that, then, however guilty they may have believed Fall to be, it was their duty to return a verdict of not guilty. In other words, in the conspiracy case it was necessary to establish an agreement, understanding, common purpose, or intent, of both the parties charged, while in the present case the intent of Doheny becomes entirely irrelevant. The only mind that the jury was called upon to penetrate was the mind of Fall. What was his intent and motive in accepting the $100,000 at the hands of Doheny? But before a plea of res adjudicata can be successfully interposed in a criminal case, the prosecution must have been for the same offense. As said in the case of Burton v. United States, 202 U.S. 344, 380, 26 S.Ct. 688, 698, 50 L.Ed. 1057, 6 Ann.Cas. 362: `A plea of autrefois acquit must be upon a prosecution for the same identical offense.' The crime of conspiracy and the crime of bribery are separate and distinct offenses. There was therefore no error in overruling the plea in abatement on this point."
Defendants in support of their contention rely on the cases of United States v. Rachmil, D.C.S.D.N.Y., 270 F. 869, and United States v. Clavin, D.C.E.D.N.Y., 272 F. 985. These cases, while apparently supporting the position taken by the defendants, are, in the opinion of the writer, out of line with the majority of the cases.
Of the two cases, the case of United States v. Rachmil is more nearly in point. In that case the defendant Bloom had been indicted with others for attempting to evade the income tax imposed by the Act of February 24, 1919, 40 Stat. 1057. He had previously been indicted for conspiracy to commit the substantive offense denounced by said Act, and had been acquitted. As overt acts in the conspiracy indictment the following was charged: (1) that Rachmil and Samuelson prepared a fraudulent income tax return for Bloom; (2) that Bloom signed the alleged false, fraudulent, and incorrect income tax return; (3) that Rachmil signed the said return and acknowledged the signature of the defendant Bloom thereto; and (4) that the defendant Bloom filed and caused to be filed with the collector of internal revenue for the Third District of New York the said false, fraudulent, and incorrect income tax return. The court held that the fourth overt act set forth above charged the same crime as charged in the present indictment, and that in the opinion of the court to permit it to be litigated again would come so close to an encroachment upon the constitutional rights of the defendant as to warrant quashing the present indictment.
Even assuming this case to be good law, it is inapplicable to the present case because the overt acts numbered IV and V in the former indictment do not charge defendants with a crime, for the reasons set out above. As stated in Bens v. United States, 2 Cir., 266 F. 152, 160: "A conspiracy to commit a crime is one offense, and the commission of the crime is another and a distinct offense. The power exists to separate the conspiracy from the act itself, and to affix distinct and independent penalties to each. Clune v. United States, 159 U.S. 590, 595, 16 S.Ct. 125, 40 *351 L.Ed. 269. The prohibition of the Constitution is against a second jeopardy for the `same offense'; that is, for the identical crime. The offenses charged in the two prosecutions must be the same in law and in fact. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Thomas v. United States [8 Cir.], 156 F. 897, 84 C.C.A. 477, 17 L.R.A.(N.S.) 720; 16 C.J. 263. If the facts which would convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed in the same transaction. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489. And where a conspiracy to commit a crime is a substantive offense, neither an acquittal nor a conviction of a conspiracy to commit a crime is a bar to a prosecution for the commission of that crime, or for aiding and abetting another to commit it. Carter v. McClaughry, 183 U.S. 365, 394, 22 S.Ct. 181, 46 L.Ed. 236; Louie v. United States [9 Cir.], 218 F. 36, 40, 134 C.C.A. 58."
Defendants' plea in bar is, therefore, without merit and their request that the indictment be set aside and they be released from custody is denied.
NOTES
[1] Section 1138d (f) contains the following provision: "Whoever conspires with another to accomplish any of the acts made unlawful by the preceding provisions of this section, shall, on conviction thereof, be subject to the same fine or imprisonment, or both, as is applicable in the case of conviction for doing such unlawful act." Under this section no overt act need be shown as is true in the case of a prosecution under Section 37 of the Criminal Code.